801 P.2d 1303

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Willis Ray TOMES, Defendant–Appellant.**

**No. 18436.**

Court of Appeals of Idaho.

Nov. 30, 1990.

---

Michael J. Wood, Twin Falls County Public Defender; Kirk A. MacGregor, Deputy Public Defender, of Twin Falls, for appellant. Kirk A. MacGregor argued.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., of Boise, for respondent. James E. Leuenberger argued.

SILAK, Judge.

A jury found Willis Ray Tomes guilty of grand theft (auto), I.C. §§ 18–2403(1), 18–2407(1), and the district court imposed a unified sentence of six years in prison with a one-year minimum period of confinement. Tomes appeals from the judgment of conviction, arguing that the trial judge erred by refusing Tomes' request to instruct the jury that it could consider whether Tomes committed the misdemeanor offense of driving a vehicle without the owner's consent (joy riding), I.C. § 49–227.

The transcript of the trial reveals the following facts. On May 3, 1989, Tomes and his wife, Kathryn, were travelling from Nevada, where they had been looking for work, to their home in Oakley, Idaho. Their car broke down approximately one-half mile from Hollister, Idaho. Tomes walked to a store in Hollister where employee Pamela Howerton told Tomes where he might find someone either to help him fix the car or tow it into town. Tomes was unsuccessful in his attempts to locate assistance. When it began to get dark, Mrs. Tomes, who had initially remained with the car, walked into Hollister and located her husband. They then contacted Howerton at her home across the street from the store, and Howerton offered to loan them one of her two cars, a 1976 Chevrolet Malibu. The Tomeses showed Howerton their drivers' licenses, and also gave her their social security numbers, the name of the person with whom they were staying in Oakley, and two telephone numbers where they could be contacted. The Tomeses did not get Howerton's name, address, or telephone number.

The Tomeses drove Howerton's car to Oakley. Three days later Tomes drove the car to Elko, Nevada, where he claimed to be seeking employment. During this time, Howerton became concerned about the Tomeses' failure to return the car to her. She called the telephone numbers they had given her, but the persons who answered her calls told her they did not know the Tomeses. Howerton went to Oakley and contacted the person with whom the Tomeses were staying. He told her Tomes had left the day before to return her car. On May 8, 1989, after not hearing from the Tomeses since the night she had loaned them the car, Howerton reported the car stolen. On May 14, 1989, a police officer saw Howerton's unoccupied car parked on a street in Elko, Nevada. Later that day, when Tomes returned to the car and drove it away, he was stopped and arrested.

Howerton testified that the Tomeses agreed to return her car to her the day after she loaned it to them, and that she had not given them her permission to take the car to Elko. Mrs. Tomes testified that Howerton told them to return the car to her "when we could." Tomes testified that he thought they could use the car "for a few days" and that he had talked with Howerton about returning to Nevada to look for work.

I.

■ In addressing Tomes' argument that sufficient evidence was presented to the jury to entitle him to an instruction on joy riding, we must first determine whether joy riding is a lesser included offense of grand theft (auto). This is a question of law over which we exercise free review. *See State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980) (test is the same for determining whether one offense is a lesser included offense of another or for determining whether a requested jury instruction is proper). If we conclude that joy riding is a lesser included offense of grand theft (auto), we must then determine whether there was a reasonable view of the evidence from which the jury could have concluded that Tomes committed the lesser included offense but did not commit the greater offense. I.C. § 19–2132(b)(2).

■ A lesser included offense is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *State v. Hall,* 86 Idaho 63, 69, 383 P.2d 602, 605 (1963), *overruled on other grounds, Sivak v. State,* 112 Idaho 197, 731 P.2d 192 (1986); *State v. McCormick,* 100 Idaho 111, 114, 594 P.2d 149, 152 (1979); *State v. Gilman,* 105 Idaho 891, 893, 673 P.2d 1085, 1087 (Ct.App.1983); *State v. Mason,* 111 Idaho 660, 668, 726 P.2d 772, 780 (Ct.App.1986). Courts cannot look merely to the allegations in the information to determine if an offense is necessarily included in the charged offense, but also must consider

whether the evidence adduced at trial shows that the included offense was committed during the commission of the charged offense. *See State v. Boyenger,* 95 Idaho 396, 400, 509 P.2d 1317, 1321 (1973); *Mason,* 111 Idaho at 668–669, 726 P.2d at 780, 781.

■ The Idaho Supreme Court twice has been asked to decide that joy riding is a lesser included offense of grand theft (auto), but has declined to reach this issue in both cases. *State v. Pulliam,* 101 Idaho 482, 616 P.2d 261 (1980); *State v. Seiber,* 97 Idaho 140, 540 P.2d 802 (1975).[1] In both of those cases, the Supreme Court held that no evidence had been produced at trial which would have required the trial court to give the defendants' requested instructions on the lesser included offense.

The information in this case charged that Tomes committed the offense of grand theft in the following manner:

That the said defendant, Willis Ray Tomes, between May 3, 1989, and May 14, 1989, in the County of Twin Falls, State of Idaho, did, with the intent to deprive another of property and/or appropriate to himself certain property of another, to-wit: a 1976 Chevy Malibu vehicle, of a value in excess of One Hundred Fifty Dollars, lawful money of the United States, wrongfully take and/or obtain, and/or withhold such property from the owner, Pamela Howerton and/or Twila Hunt, in violation of Idaho Code Section 18–2403(1), 18–2407(1).

As alleged in this information, the elements of the grand theft are: (a) a wrongful taking or withholding; (b) of the property (a car) of another (Howerton); (c) with the intent to deprive (permanently).[2] The elements of joy riding are: (a) driving the car of another; (b) without the owner's consent; (c) with the intent temporarily to deprive.[3] The fundamental difference between the two is the characterization of the requisite intent. To have been guilty of joy riding, Tomes must have intended to deprive Howerton temporarily of possession of her vehicle without intending to steal it. To have been guilty of grand theft (auto),

---

1. Courts in several other jurisdictions, with joy riding and grand theft statutes worded much like Idaho's, have held that joy riding is a lesser included offense of grand theft (auto). *State v. Cornish,* 568 P.2d 360 (Utah 1977); *State v. Shults,* 169 Mont. 33, 544 P.2d 817 (1976); *State v. Eyle,* 236 Or. 199, 388 P.2d 110 (1963). The Colorado Supreme Court, although considering similarly-worded statutes, has held that joy riding is not a lesser included offense of grand theft (auto). *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298, 1300 (1971).

Courts in some other states, where the joy riding statutes did not contain an "intent temporarily to deprive" element, also have held that joy riding is not a lesser included offense of grand theft (auto). *See State v. Jackson,* 101 Ariz. 399, 420 P.2d 270 (1966); *Tillman v. State,* 82 Okl.Cr. 276, 169 P.2d 223 (1946).

The California Supreme Court looks to the specific allegations of the accusatory pleading, rather than to statutory definitions, to determine whether one offense is necessarily included in another. *People v. Marshall,* 48 Cal.2d 394, 309 P.2d 456 (1957). As a result, joy riding has been held to be a lesser included offense of robbery. *Id. See generally, People v. Barrick,* 33 Cal.3d 115, 187 Cal.Rptr. 716, 654 P.2d 1243, 1254–1256 (1982), *disapproved on other grounds, People v. Castro,* 38 Cal.3d 301, 211 Cal.Rptr. 719, 696 P.2d 111 (1985).

2. Under I.C. § 18–2403(1), "a person ... commits theft when, with intent to deprive another of property or to appropriate the same to himself ..., he wrongfully takes, obtains or withholds such property from an owner thereof." To "deprive" another of property means permanently to withhold the property from the owner. I.C. § 18–2402(3)(a). To "appropriate" to oneself the property of another means permanently to exercise control over it. I.C. § 18–2402(1)(a). To "obtain" the property of another means to bring about a transfer of interest or possession. I.C. § 18–2402(4). A theft of property valued in excess of one hundred and fifty dollars ($150.00) is defined as grand theft. I.C. § 18–2407(1)(b)(1).

3. **Idaho Code § 49–227. Driving vehicle without owner's consent.**—Any person who shall drive a vehicle, not his own, without the consent of the owner, and with intent temporarily to deprive the owner of his possession of such vehicle, without intent to steal the vehicle, shall be guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of the vehicle by the same or a different person....

he must have intended to deprive her permanently of possession of the vehicle.

In this case, the essential elements of joy riding are the "manner or means" by which the grand theft was alleged to have been committed. The state alleged that Tomes committed grand theft by wrongfully taking or withholding Howerton's car from her with the intent to deprive her of the car. The joy riding elements of (a) driving a car of another and (b) without the owner's consent are subsumed within the grand theft element of (a) wrongful withholding. The joy riding element of (c) intent to deprive temporarily is subsumed within the grand theft element of (c) intent to deprive permanently. Also, as discussed below, the evidence adduced at trial was sufficient to show that Tomes committed the offense of joy riding during the alleged commission of the offense of grand theft (auto).

We think it obvious that not every charge of grand theft will necessarily include the offense of joy riding. On the facts of this case, however, we hold that joy riding was a lesser included offense of grand theft (auto).

## II.

■ Because we have determined that joy riding is a lesser included offense of grand theft (auto), we must address the issue of whether the district court should have given the joy riding instruction. The question whether the jury was properly instructed is a question of law over which we exercise free review. *Nettleton v. Thompson*, 117 Idaho 308, 310, 787 P.2d 294, 296 (Ct.App.1990); *see, e.g., State v. Lankford*, 116 Idaho 860, 867, 781 P.2d 197, 204 (1989).

■ The trial court is required to instruct the jury on a lesser included offense if there is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed the lesser included offense, but did not commit the greater offense. I.C.

§ 19–2132(b)(2). In addition, I.C. § 19–2312 requires the trial court, providing there is evidence, to instruct the jury on "any offense, the commission of which is necessarily included in that with which the defendant is charged in the indictment ...," *State v. Beason*, 95 Idaho 267, 276, 506 P.2d 1340, 1349 (1973); I.C.R. 31(c). Therefore, we will look to the record to determine whether there was a reasonable view of the evidence from which the jury could have found Tomes guilty of joy riding, but not of grand theft (auto).

■ From the facts set forth at the beginning of this opinion, we discern that the only disputed element in this case was whether Tomes intended to deprive Howerton of possession of her vehicle and, if so, whether he intended such deprivation to be permanent or temporary. Intent is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. I.C. § 18–115. The intent of the accused is a question of fact for the jury to determine. *State v. Atwood*, 105 Idaho 315, 319, 669 P.2d 204, 208 (Ct.App.1983).

■ In its brief, the state concedes that some evidence was presented at trial which would have supported a joy riding conviction. The evidence was uncontroverted that Howerton offered her car to the Tomeses, who showed her their drivers' licenses and provided her with some information on how to contact them. Depending on the weight given by the jurors to the testimony of Howerton and the Tomeses, the jurors could have found that Tomes did not intend to steal the car. They could have found that, while Tomes knew he had kept the car for more than "a few days", he did not intend permanently to deprive Howerton of possession. This was a reasonable view of the evidence on Tomes' intent.

The district court apparently concluded that Tomes could not be convicted of joy riding because it was undisputed that Howerton had initially consented to Tomes' tak-

ing the car. However, there was a reasonable view of the evidence from which the jury could conclude that Howerton's consent was limited in time and location to a one-day drive to Oakley, Idaho, rather than an eleven-day sojourn in Idaho and Nevada. The jury could have concluded that at some point during the eleven days, the owner's consent had ended, and that from that point on, Tomes was depriving her temporarily of its use.

We conclude, therefore, that there was a reasonable view of the evidence which would have allowed the jury to find that Tomes was guilty of joy riding, but that he was not guilty of grand theft (auto). The district court erred by refusing to give a joy riding instruction as Tomes requested. Accordingly, the judgment of conviction for grand theft (auto) is vacated. The case is remanded for further proceedings.

WALTERS, C.J., and SWANSTROM, J., concur.