813 P.2d 357

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Phillip Paul CROASDALE,
Defendant–Appellant.**

No. 18134.

Court of Appeals of Idaho.

May 6, 1991.

Rehearing Denied June 6, 1991.

Petition for Review Denied Aug. 6, 1991.

Dan J. Rude, Coeur d'Alene, for appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Phillip Croasdale was charged with and convicted of felony aggravated assault on evidence that he pointed a pistol at several persons and fired it into the ground. *See* I.C. §§ 18–901(b), 18–905. Croasdale contends that the district court committed reversible error by refusing to instruct on the lesser included offense of exhibiting a dangerous weapon. We affirm.

### I

Idaho Code mandates that the trial court instruct the jury on a lesser included offense requested by either party where a reasonable view of the evidence presented in the case would support a finding that the defendant committed the lesser included offense, but did not commit the offense charged. I.C. § 19–2132(b). *See State v. Spurr,* 114 Idaho 277, 755 P.2d 1315 (Ct. App.1988). Whether a particular crime is a lesser included offense of the crime charged involves a question of law over which we exercise free review. *See State v. Thompson,* 101 Idaho 430, 614 P.2d 970 (1980).

A lesser included offense is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *State v. McCormick,* 100 Idaho 111, 114, 594 P.2d 149, 152 (1979); *State v. Mason,* 111 Idaho 660, 668–89, 726 P.2d 772, 780–81 (Ct.App.1986). When deciding whether an offense is necessarily included in the charged offense, the court must consider whether the evidence adduced at trial shows that the included offense occurred during the commission of the charged offense.

The crime of assault is defined in I.C. § 18–901. Subsection (b), under which Croasdale was charged and convicted, states that assault is "[a]n intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Aggravated assault involves the use of a deadly weapon without intent to kill. I.C. § 18–905(a). Croasdale asserts that the court erred by refusing to give an instruction on the lesser included offense of exhibiting a dangerous weapon. Croasdale's requested instruction and I.C. § 18–3302 define the pertinent part of that offense as "any person who shall, in the presence of one (1) or more persons, exhibit any deadly or dangerous weapon in a rude, angry or threatening manner."

The testimony presented at trial was that, following a fist fight with the two complaining witnesses, Croasdale pointed a pistol at each of them, made threatening remarks, and then fired a shot into the ground nearby. From this evidence, the jury could have concluded that Croasdale had committed the offense of exhibiting a dangerous weapon, and not aggravated assault. *See Mason,* 111 Idaho at 669, 726 P.2d at 781. Thus, we hold that the trial

court erred in refusing to give the instruction requested by Croasdale.

## II

■■■ Having determined that Croasdale was entitled to have the jury instructed on the offense of exhibiting a dangerous weapon, we must next decide whether the court's refusal to give the instruction constituted reversible error, or was harmless. I.C.R. 52. This question turns on whether it appears from the record that the error contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same verdict had the error not occurred. *State v. Alger,* 115 Idaho 42, 47–48, 764 P.2d 119, 124–25 (Ct.App.1988). Where the error concerns the omission of an instruction on a lesser included offense, we look to see whether the verdict indicates that the result would not have been different had the omitted instruction been given. *See State v. Owen,* 73 Idaho 394, 410, 253 P.2d 203, 212 (1953); *State v. Alvord,* 47 Idaho 162, 178, 272 P. 1010, 1015 (1928).

Croasdale requested four instructions on lesser included offenses: exhibition or use of a deadly weapon, I.C. § 18–3303; aiming firearms at others, I.C. § 18–3304; possession of a deadly weapon with intent to assault; and exhibition of a dangerous weapon, I.C. § 18–3302. The trial court gave the first three of the requested instructions, but rejected the fourth. Croasdale maintains that the district court's refusal constituted reversible error.

Croasdale's argument is based on the premise that the jury, if properly charged, might have found him guilty of exhibiting a dangerous weapon, in violation of I.C. § 18–3302. We disagree. The trial court instructed the jury on the law of the lesser included offense of "exhibition or use of a deadly weapon," which necessarily includes the essential elements of the "exhibition of a dangerous weapon" offense on which the trial court refused to instruct. The exhibition instruction given reflects I.C.

§ 18–3303, defining the offense as exhibiting a *deadly* weapon in a rude, angry *and* threatening manner in the presence of *two* or more persons. By comparison, the rejected instruction, reflecting I.C. § 18–3302, makes criminal the act of exhibiting a deadly *or dangerous* weapon in a rude, angry *or* threatening manner in the presence of *one* or more persons.[1] The maximum penalty for a conviction under I.C. § 18–3302 for exhibiting a dangerous weapon was less than the penalty permitted under I.C. § 18–3303 for the exhibition of a deadly weapon.

Croasdale points to nothing in the evidence to suggest that the jury could have found him guilty of the lesser offense, exhibition of a dangerous weapon, and not guilty of the intermediate offense of exhibiting a deadly weapon. Given the facts of this case and the verdict reached by the jury, he cannot. At trial, four witnesses testified that Croasdale aimed a pistol at the heads of two men. Three of the witnesses testified to hearing Croasdale verbally threaten the two men. Although Croasdale denied that he pointed a gun at any person, he testified to the brawl, to asking the complaining witnesses to leave the premises, and to firing the gun into the ground. There was no dispute concerning the number of persons present during the incident or the type of weapon used. Nor is there anything in the record to suggest that the display and use of the pistol was rude but not threatening.

Further, our Supreme Court has held that, where the jury is instructed on one or more included offenses of an intermediate grade between the crime of which the defendant is convicted and the lesser offense on which the court refused to instruct the jury, the refusal is not reversible error because the verdict indicates that the result would not have been different had the omitted instruction been given. *Owen,* 73 Idaho at 410, 253 P.2d at 212, *citing Alvord,* 47 Idaho at 178, 272 P. at 1015. Had the jury found Croasdale guilty of

---

1. The seemingly duplicative exhibition statute, I.C. § 18–3302, has since been repealed. *See* 1990 Idaho Sess.Laws, ch. 256, § 1, p. 732.

exhibiting a deadly weapon, an offense next in degree above that of exhibition of a dangerous weapon, Croasdale could argue that the jury might have found him guilty of the lesser offense of exhibiting a dangerous weapon. However, with the option of finding him guilty of an intervening degree of the crime, the jury refused it and found Croasdale guilty of aggravated assault as charged. Thus, we conclude that there was no reasonable probability that the jury would have rendered a verdict of guilty on the exhibition of a dangerous weapon offense—as distinguished from the exhibition and use of a deadly weapon offense—had it been instructed as Croasdale requested. We conclude, therefore, that the district court's refusal to give the instruction was not reversible error.

Accordingly, the judgment of conviction for aggravated assault is affirmed.

SILAK, J., concurs.

SWANSTROM, J., concurs in the result, not being persuaded that any error occurred.