861 P.2d 1225

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis Gerald COLWELL, Defendant–Appellant.**

**Nos. 19904, 19586.**

Court of Appeals of Idaho.

July 14, 1993.

Thomas A. Mitchell and John T. Mitchell, argued, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Douglas A. Werth, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Dennis Colwell was tried before a jury on one count of lewd conduct committed by a specific act of sexual intercourse with a thirteen-year old girl. The jury found him not guilty of lewd conduct but guilty of the "lesser included offense" of sexual abuse of a minor. Colwell moved for a new trial on the ground that the jury was permitted to find him guilty based on evidence of other crimes with which he had not been charged. The district court entered an order denying the motion. For the reasons

stated below, we reverse the court's order, vacate the judgment of conviction, and remand the case to the district court.[1]

# I.

Dennis Colwell was charged by Information with the crime of lewd conduct with a minor, a violation of I.C. § 18–1508. The Information identified the victim, "A.C.," as Colwell's thirteen-year old daughter and alleged that Colwell had committed the offense "by placing his erect penis in the vagina of the said minor child," accomplished sometime between June 7 and June 30, 1990. Colwell pled not guilty and the case was tried to a jury. Through her video-taped interview with a state social worker, and again in her live testimony, the jury heard A.C. state that Colwell had entered her bedroom while she was laying on her bed, that he pulled down her shorts, held her arms down with his hand, and then put his penis in her vagina. She said he moved his penis back and forth and that when he finally removed it, she saw a white substance. She then ran from the room and went outside. These statements, made without further detail, constituted the only evidence of the events and circumstances involved in the commission of the offense charged in the Information.

Although the state had charged Colwell with a single, specific act of lewd conduct, the state also presented live and video-taped statements from A.C. describing other, uncharged acts occurring at various times and places during the two-year period since Colwell and A.C.'s mother separated. This evidence consisted of statements by A.C. that Colwell had sexual intercourse with her on other occasions, some possibly while she visited him in Seattle, Washington; that once, while he was wearing a bathrobe, Colwell had taken her hand and tried to place it on his penis; that he often rubbed cocoa butter on her hips, buttocks and breasts to help eliminate her stretch marks; that he regularly trimmed her pubic hairs; that he made her douche herself, sometimes assisting her; and that he had spied on her while she was undressed in the bathroom. When Colwell took the stand, he denied all of A.C.'s accusations, except that he admitted he had applied cocoa butter "on her fanny side there and the back of her legs" to help with the stretch marks.

At the conclusion of the evidence, the court instructed the jury on the elements of the crime of lewd conduct with a minor— the offense charged in the Information. At the request of the prosecutor, but over Colwell's objection, the court additionally instructed the jury that if, after considering the crime of lewd conduct, it unanimously agreed Colwell was not guilty of that offense, it nevertheless could find him guilty of the lesser included offense of sexual abuse of a child. The court correctly instructed the jury on the essential elements of sexual abuse of a child. However, the jury was not instructed that it was permitted to find Colwell guilty of that offense only if it found he committed sexual abuse during the commission of the charged offense. Following its deliberations the jury returned a verdict finding Colwell not guilty of lewd conduct, but guilty of sexual abuse of a child. The jury then was polled and discharged on August 15, 1991.

On August 19, 1991, Colwell timely filed a motion for a judgment of acquittal, or

---

1.  Colwell filed two appeals in this case. In the first, filed before sentence was pronounced, he disputed the validity of the jury's verdict by appealing from the order denying his motion for a new trial. *See* I.A.R. 11(c)(8). In the second appeal, filed after sentencing, Colwell challenged the district court's jurisdiction to impose sentence while an appeal in the case was pending. These appeals were consolidated for disposition. Our decision to vacate the judg-

ment of conviction renders the sentencing issue moot, and disposes of both appeals.

In passing, we note that Rule 13 of the Appellate Rules recently was amended to explicitly permit the district court to impose sentence during the pendency of an appeal. *See* I.A.R. 13(c)(12), effective July 1, 1993.

alternatively for a new trial, asserting that, based upon the objected-to instruction given by the court, the jury had found him guilty of an offense with which he had never been charged. The judge denied the motion. In its memorandum decision and order, the court explained that it had properly instructed the jury on the offense of sexual abuse of a minor, as that crime constitutes an included offense of lewd conduct:

> Here, the Jury could have concluded that the evidence that the Defendant rubbed the child with lotions, trimmed her [pubic] hairs, and assisted in douching were not lewd or lascivious acts, but were done with the intent to gratify the lust or sexual desires of the Defendant.... In other words, the Jury could have found that the evidence did not convince them, beyond a reasonable doubt, that the Defendant placed his erect penis in the vagina of the child, but did convince them that the other acts were done.

Colwell filed this appeal contending that the district court erroneously permitted the jury to convict him upon proof of an offense with which he was not charged, in violation of his right to be tried only upon charges contained in the Information. He further avers that the jury's verdict implicitly acquitting him of lewd conduct could mean only that the incident giving rise to that charge had not been proved, and that he therefore is entitled to a judgment of acquittal.

## II.

■ In reviewing a district court's decision to give a particular jury instruction our "standard of review is one of free review." *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). Free review requires that we determine whether the jury was properly and adequately instructed and "ascertain whether the instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law. Reversible error only occurs when an instruction misleads the jury or prejudices a party." *Manning v. Twin Falls Clinic & Hospital,* 122 Idaho 47, 50–51, 830 P.2d 1185, 1188–89 (1992) (citations omitted).

■ It is well established that a jury properly may find a defendant guilty of an offense different from that charged in the Information *if* the offense is an offense included in the crime charged. *See* I.C. § 19–2132. An "included offense" is one which is necessarily committed while committing the crime charged, or the essential elements of which are alleged as the manner or means by which the charged offense has been committed. *State v. McCormick,* 100 Idaho 111, 594 P.2d 149 (1979); *State v. Hall,* 86 Idaho 63, 383 P.2d 602 (1963); *State v. Croasdale,* 120 Idaho 18, 813 P.2d 357 (Ct.App.1991). An offense may also be deemed an "included offense" if the evidence adduced at trial shows that such an offense necessarily was committed during the commission of the charged offense. *State v. Bolton,* 119 Idaho 846, 810 P.2d 1132 (Ct.App.1991).

■ The crime of lewd conduct with a minor specifically includes the act of genital-to-genital contact. I.C. § 18–1508.[2] Sexual abuse of a child requires proof of physical contact, *not amounting to lewd conduct,* which is intended to gratify the lust or sexual desire of the actor. *See* I.C.

---

2. At the relevant time, I.C. § 18–1508 provided:
   Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, *including* but not limited to, *genital-genital contact* ... when any of such acts are done with intent of arousing, appealing to, or gratifying the lust of passions or sexual desires of such person or of such minor or child, shall be guilty of a felony.... 1984 Idaho Sess. Laws, ch. 63, § 2, p. 112–13 (emphasis added).

§ 18–1506(3)[3]. It is clear from these definitions that the crime of sexual abuse of a child is not *necessarily* committed while committing the crime of lewd conduct. However, depending upon the facts alleged in the pleading instrument and the evidence adduced at trial, the crime of sexual abuse may be considered by the jury as a lesser included offense if there is evidence that the included offense occurred during the commission of the charged offense. *State v. Fodge,* 121 Idaho 192, 824 P.2d 123 (1992); *Croasdale,* 120 Idaho at 19, 813 P.2d at 358; *see also State v. O'Neill,* 118 Idaho 244, 796 P.2d 121 (1990).[4]

■ The court's instructions in this case, although adequately defining the elements of the offense of sexual abuse of a child, failed to inform the jury that it could find Colwell guilty of that offense *only if* it found he had committed sexual abuse *during the commission of the offense charged.* As expressly recognized by the district judge below and conceded by the state on appeal, the jury was permitted to find that the incident giving rise to the charge of lewd conduct had not occurred, but nonetheless could find Colwell guilty of sexual abuse based upon evidence that he rubbed cocoa butter on A.C.'s breasts and buttocks, that he trimmed her pubic hairs, or that he assisted her douche. Yet these acts, said to have been committed throughout the two-year period during which A.C. visited Colwell, were never shown to have occurred during the commission of the crime charged in the Information. Hence, these other, uncharged acts *should not* have been relied upon by the jury as evidence that he committed the included offense of sexual abuse of a child. We conclude that, in absence of any guidance from the district court in this regard, the instructions were overbroad and therefore erroneous. *Cf. United States v. Baytank* (Houston), Inc., 934 F.2d 599 (5th Cir.1991) (it is plain error to give instructions that permit a jury to convict for a crime not charged in the indictment); *People v. Landry,* 212 Cal. App.3d 1428, 261 Cal.Rptr. 254 (1989) (in felony murder case, instructions not precluding the jury's use of the wrong underlying felony held to be overbroad).

### III.

The state submits that even if the court's instructions allowed the jury to find Colwell guilty upon proof of facts different from those alleged in the Information, such discrepancy amounted to a mere variance. Because Colwell was aware of the evidence, the state argues, he cannot show that his rights were prejudiced. We disagree.

■ Whether a variance is merely an imperfection in the trial which did not prejudice the substantial rights of the accused, or is fatal to the prosecutor's case and requires reversal, presents a pure question of law over which we exercise free review. *See State v. McBride,* 123 Idaho 263, 846 P.2d 914 (Ct.App.1992). Generally, a variance between the facts alleged in the pleading instrument and the proof at trial will not be deemed fatal to the prosecutor's case unless there has been such a variance as to "affect the substantial rights" of the accused. *See Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 629, 79 L.Ed. 1314 (1935); *State v. Windsor,* 110 Idaho 410, 417, 716 P.2d 1182, 1189 (1985). A "mere variance" between the facts alleged in the information

---

**3.** Both I.C. §§ 18–1506 and 18–1508 were amended in 1992. *See* 1992 Idaho Sess. Laws, ch. 145, §§ 1 *and* 3, p. 438. The language relevant to our decision, however, was not affected.

**4.** In *O'Neill,* the Idaho Supreme Court determined that the offense of sexual abuse of a child was included in the charge of lewd conduct alleged in the Information. In concluding that the Information was sufficient to include the crime of sexual abuse, the Court expressly recognized that "the facts alleged rather than the designation of the offense, control." *Id.,* 118 Idaho at 249, 796 P.2d at 126. Although the opinion does not recite the facts contained in the Information in O'Neill's case, we presume those allegations referenced incidents that reasonably could be viewed to include conduct amounting to sexual abuse of a child.

and those proved at trial requires reversal of the conviction only when an examination of the record indicates that the defendant was deprived of a right to fair notice or is left open to the risk of double jeopardy. *Windsor*, 110 Idaho at 417–18, 716 P.2d at 1189–90.

■■■ However, there is a marked distinction between a "mere variance" and a variance which is automatically fatal because it amounts to an impermissible "constructive amendment." *See* 2 W. LAFAVE & J. ISRAEL, CRIMINAL PROCEDURE, § 19.2, at 469–72 (1984). Although the rules for amending an Information in this state are liberal, *see* I.C. § 19–1420, any amendment which charges the accused with a crime of greater degree *or a different nature* than that for which the accused was bound over for trial by the committing magistrate is barred by the Idaho Constitution. *See* IDAHO CONST. art. I, § 8 [5]; *O'Neill*, 118 Idaho at 249, 796 P.2d at 121; *State v. McKeehan*, 91 Idaho 808, 430 P.2d 886 (1967). *See also* I.C. § 19–1420 (prohibiting the charging of a different and distinct offense by way of an amended Information). Where a variance alters the Information to the extent that an amendment of the same scope would be prohibited, the failure to hold the variance fatal would necessarily undermine these statutory and constitutional limitations placed on amendments. *See* 2 LAFAVE & ISRAEL, *supra*, § 19.2, at 469.[6]

■■■ In this case, we conclude that the district court's instruction went beyond creating a "mere variance" between the conduct alleged in the Information and the conduct proved at trial; it amounted to a

constructive amendment of the Information to charge Colwell with additional crimes that were separate and distinct from the crime explicitly alleged. Such an amendment clearly is barred by this state's constitution, and constitutes reversible error.

■■■ Although unnecessary to our holding, we note that the variance also prejudiced Colwell's right to fair notice of the charges which he was to defend against. While it is evident that Colwell was aware the state would introduce evidence of the additional acts, we find nothing in the record to indicate that the state ever intended to prosecute him for any crime or crimes for which these acts constituted an essential element. To the contrary, the course of proceedings show that the prosecutor possessed all of these facts prior to the time it charged Colwell, and that the state in fact presented this evidence to the committing magistrate at the preliminary hearing. Yet the prosecutor opted to charge Colwell only with a single count of lewd conduct committed by a specific act of sexual intercourse with A.C. accomplished in June, 1990. As a result of A.C.'s testimony at the preliminary hearing, the prosecutor narrowed the time of the alleged crime, asserting that it occurred between June 7 and June 30. Later, after A.C. testified at trial, the prosecutor was granted leave to amend the Information to further confine the time of the alleged crime to a two-week period at the end of June. However, at no time did the prosecutor formally seek to charge Colwell with any additional crimes based upon conduct other than the single act of genital-to-genital contact it had alleged in the Information. Nor did the state attempt to charge him with a crime based

---

**5.** Article I, § 8 of the Idaho Constitution provides:

> No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment of indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate....

**6.** Because all states bar amendments which charge a different offense, variances that do the

same would obviously be barred. But lesser variances that alter only the means charged or the identity of the victim or the property taken should not constitute a fatal variance except in those few jurisdictions—Idaho not among them—*that impose a stringent restriction on amendments* similar to that prescribed by the federal constitution. *See* 2 W. LAFAVE & J. ISRAEL, § 19.2, at 469 (1984).

upon a continuing course of conduct. The record of the proceedings in this case belies any claim that Colwell had notice that the state intended to prosecute him and obtain a conviction for these additional acts.

## IV.

■ One further consideration remains. Because he was implicitly acquitted of the conduct alleged in the Information, and because evidence of the uncharged acts cannot be relied upon to support the verdict against him, Colwell asserts that he is entitled to a judgment of acquittal. We disagree.

Colwell correctly states that the jury's verdict constitutes an "implicit acquittal" on the charge of lewd conduct, and he cannot be retried for that offense. *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). However, we conclude that the jury's implicit finding that the state failed to prove Colwell committed lewd conduct does not *necessarily* mean that the jury could not have found him guilty of sexual abuse of a child based on evidence occurring during the commission of the alleged offense. First, we note that although the court's instructions properly informed the jury that sexual abuse of a child required proof of sexual contact "not amounting to lewd conduct," they failed to provide any definition of the term "lewd conduct." Thus, there was nothing in the instructions from which a rational fact-finder could distinguish between the offenses of lewd conduct with a minor and sexual abuse of a child. Nor are we able to ascertain whether any distinction between the two offenses was made clear during counsels' closing arguments, as no transcript from that part of the proceedings was made part of the record on appeal. Second, the record does contain some evidence which could support a finding that Colwell committed an act or acts of physical contact with the intent to gratify his sexual desires—i.e., the preparatory acts of pulling down the girl's shorts and holding down her arms—but that he did not commit the specific act of genital-to-genital contact charged in the Information. Based upon the record before us, we decline to hold that Colwell is entitled to an acquittal on grounds of insufficient evidence. However, because fundamental error occurred at trial requiring that the conviction for sexual abuse be reversed, Colwell is entitled to a new trial, under proper instructions, for that offense.

### Conclusion

The district court's order denying Colwell's motion for new trial is reversed. Accordingly, the judgment of conviction, including Colwell's sentence, is vacated and the case is remanded for further proceedings.

SWANSTROM, J., and CAREY, J. Pro Tem., concur.