895 P.2d 590

STATE of Idaho, Plaintiff–Respondent,

v.

David Abraham DONOHOE, Defendant–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Andrew E. WRIGHT, Defendant–Appellant.

Nos. 21089 and 21090.

Court of Appeals of Idaho.

May 12, 1995.

990

Michael J. Vrable, Hayden, for appellants.

Alan G. Lance, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent. Myrna A.I. Stahman, argued.

PERRY, Judge.

This is a consolidated appeal from the district court's order affirming the judgments of conviction and sentences for misdemeanor battery entered against David Donohoe and Andrew Wright. In this appeal, Donohoe and Wright assert that the jury verdicts were tainted as a result of prosecutorial misconduct. Donohoe and Wright further allege that the sentences were excessive and the result of retaliation for having exercised their rights to trial by jury. For the reasons explained, we affirm.

On April 26, 1992, Donohoe and Wright were involved in an altercation with another group of men after leaving a bar in Post Falls. The fight took place on the shoulder of Interstate 90 near the exit of Highway 41. It was disputed who initiated the fight and who were the aggressors. Donohoe, Wright and their three companions left the scene before the police arrived. The police obtained statements from those remaining at

the scene, whose faces were swollen and bleeding. These victims informed the police that they wished to press charges against their attackers.

Donohoe, Wright, Brent Poole and Matt Harmon were charged with misdemeanor battery. The fifth man to leave the scene had not participated in the fight and was not charged. Poole entered into a plea agreement and was sentenced to pay a fine. Donohoe, Wright and Harmon went to trial. The jury acquitted Harmon but found Donohoe and Wright guilty of misdemeanor battery. Donohoe and Wright were sentenced to six months in jail and were fined. The magistrate suspended 150 days of the jail terms, granted work release and placed Donohoe and Wright on two years' probation.

Donohoe and Wright filed a motion for new trial based on prosecutorial misconduct. This motion was denied by the magistrate. They filed timely notices of appeal from the judgments of conviction to the district court. From the opinion of the district court affirming the magistrate's order denying a new trial and affirming the sentences imposed, Donohoe and Wright filed this appeal.

■ In an appeal from a final judgment of a magistrate following an appeal to a district judge sitting as an appellate court, we review the record of the magistrate independently of the decision of the district judge. *State v. Kenner*, 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992); *State v. Bitt*, 118 Idaho 584, 798 P.2d 43 (1990); *State v. Jordan*, 122 Idaho 771, 839 P.2d 38 (Ct.App.1992). We focus our review, therefore, on the magistrate's conclusions that the prosecutor's comments were not error or were harmless and not fundamental error. These conclusions appear only in the court minutes of the hearing on the motion for new trial.

Donohoe and Wright assert on appeal that three statements made by the prosecutor during his closing argument constituted misconduct which amounted to prejudicial error. The statements, which the appellants allege misrepresented the facts, introduced inadmissible character evidence and presented impermissible personal opinion, are as follows:

The testimony was, from Officer Haug, that a call was made to him from Deputy Wolfinger who observed something going on, on the freeway. A fight that he observed and he was on the other side, on the other lane. He was going in the wrong direction, he had to turn around and come back.

and,

Mike Wigen the victim in this case ... quite a peaceful individual, you could see that as he testified. Not someone out to cause trouble.

and,

The witness[es] were snatched out of their car and beaten.

■ Because Donohoe and Wright failed to object to the statements at the time they were made, we must first decide whether the issues concerning the statements have been preserved for appeal. Generally, an appellate court will not consider error made at trial absent a timely objection. *State v. Baruth*, 107 Idaho 651, 656, 691 P.2d 1266, 1271 (Ct.App.1984). The failure to timely object acts as a waiver of that error. *Id.* However, an exception to the general rule provides that error will be preserved despite a defendant's failure to object "where the record shows that the prosecuting attorney has been guilty of misconduct calculated to inflame the minds of jurors and arouse prejudice and passion against the accused by statements in his argument of the facts not proved by evidence ..." *State v. Spencer*, 74 Idaho 173, 183–84, 258 P.2d 1147, 1154 (1953), *quoted in State v. Higgins*, 122 Idaho 590, 600, 836 P.2d 536, 546 (1992).

In *State v. Ames*, 109 Idaho 373, 707 P.2d 484 (Ct.App.1985), this Court held that the prosecutor's comments in closing argument, to which no objections were made, are reviewable if the comments are so egregious or inflammatory that any prejudice arising therefrom could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded. *Id.* at 376, 707 P.2d at 487.

■ The state concedes that the prosecutor's statement that deputy Wolfinger was on the other side of the freeway and travel-

ling in the wrong direction such that he had to turn around and come back was not presented as evidence during the trial. Deputy Wolfinger, who pursued the vehicle that left the scene, was not called as a witness. Officer Haug only testified that he had received the call from Wolfinger asking that a report be taken from the victims still at the scene. Thus, we conclude that the prosecutor's statement, which was not based on any evidence presented at trial, was error. We hold, however, that the egregious nature of the comment does not rise to the standard set forth in *Ames*. Any prejudice from the error was remedied by the magistrate's instructions advising that it is the role of the jury to decide what facts are established by the evidence presented at the trial and that counsel's arguments are not evidence in the case.

■ As to the prosecutor's statement about the peaceful nature of Mike Wigen, one of the victims, we conclude that there was ample testimony at trial that Wigen was not the instigator of the altercation and did not fight back when he was alternately hit and kicked by Donohoe and Wright. From our review of the record, we conclude that the evidence presented at trial sufficiently supports the prosecutor's statement. Accordingly, we find no error in the prosecutor's statement.

■ Donohoe and Wright also challenge the propriety of the prosecutor's statement concerning the witnesses being "snatched" from a car. This issue, however, was not raised to the district court in the intermediate appeal. An appellant may not assert issues before this Court that he has not raised and preserved before the district court in its capacity as an intermediate appellate court. *State v. Bailey*, 117 Idaho 941, 943, 792 P.2d 966, 968 (Ct.App.1990). Therefore, we will not further consider this issue.

Finally, Donohoe and Wright assert that the sentences they received were excessive compared to the sentence imposed on a co-defendant who, according to the testimony in the record, was the instigator of the fight. Principally, their argument is that the harsh sentences they received were in retaliation for exercising their rights to a jury trial.

■ We agree that the record identifies Poole as the primary instigator of the fight. However, Poole elected to accept the plea bargain offered to all four of the defendants by the prosecutor where, in exchange for a guilty plea to an amended charge of disturbing the peace, the prosecutor would recommend a fine of $100. To the extent Donohoe and Wright have framed a proportionality challenge, we hold the argument inapplicable to other than death penalty cases, and we reject their claim that the sentences are out of proportion to the gravity of the offense committed. *State v. Brown*, 121 Idaho 385, 394, 825 P.2d 482, 491 (1992).

■ The question of vindictiveness or retaliation in sentencing focuses upon the sentencing judge's view of the defendant's decision to plead not guilty. *State v. Regester*, 106 Idaho 296, 300, 678 P.2d 88, 92 (Ct.App.1984). The judge's words and actions must be considered as a whole. *Id.* In this case, the magistrate made no comment concerning the defendants' election to plead not guilty and go to trial. It is clear from the record that this choice was not a factor in arriving at the sentences. The magistrate heard the recommendation of counsel, considered the prior criminal records of Donohoe and Wright, and addressed the standard sentencing objectives in his remarks. There is nothing in the record to support the claim of retaliation by the magistrate in sentencing. We conclude therefore that the magistrate acted within the bounds of his discretion in imposing sentences which included jail time, fines and probation.

The judgments of conviction and sentences are affirmed.

WALTERS, C.J., and LANSING, J., concur.