944 P.2d 122

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Gregory Ryan CURTIS, Defendant–Respondent.**

**No. 21814.**

Court of Appeals of Idaho.

Nov. 8, 1996.

*Boyenger.*

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for plaintiff–appellant. John C. McKinney argued.

Timothy H. Gresback, Coeur d'Alene, for defendant–respondent.

WALTERS, Chief Judge.

Gregory R. Curtis was convicted of one count of misdemeanor driving while under the influence, I.C. § 18–8004. He appealed to the district court claiming that the magistrate had erred in refusing his request to instruct the jury on inattentive driving as a lesser included offense. The district court vacated the magistrate's judgment and sentence, and remanded the matter for a new trial. The state has appealed from the district court's order. For the reasons set forth below, we reverse the district court's order, and affirm the magistrate's judgment and the sentence imposed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 1993, at approximately 11:00 p.m., Idaho State Police Officer Jerry Oden was westbound on Seltice Way in Kootenai County. Ahead of him was a pickup that was weaving as it travelled down the road. Oden testified at trial that during the one-half mile or so that he followed the vehicle, he saw it repeatedly swerve onto the shoulder of the road and run back onto the road, nearly colliding with several parked vehicles. Oden stopped the pickup in a parking lot to investigate.

Gregory R. Curtis was the driver of the vehicle, and he had one passenger, his wife. During his conversation with Curtis, Oden observed that Curtis had "a strong odor of an alcoholic beverage on his breath," his "eyes were red and glazed" and his "speech was slurred at times." After Oden asked Curtis to step out of the vehicle and walk to the rear of the pickup, he noticed that Curtis was unsteady on his feet. Curtis told the officer that he drank five beers that day. He also informed Oden that he had multiple sclerosis, for which he was taking muscle relaxers, and that his doctors had cautioned him about combining the medication with drinking. Curtis further explained that the weaving resulted from a fight he and his wife were engaged in at the time. Oden conducted several field sobriety tests. Based on Curtis's performance on the tests and the officer's observations, Oden concluded that Curtis was driving while under the influence. As Oden was placing Curtis under arrest, Idaho State Police Officer Brian Kitchen arrived at the scene. Kitchen also testified that Curtis's eyes were red, that his speech was slurred, and that he had a "strong odor" that "smelled like booze." He too concluded that Curtis was under the influence. Upon arrival at the jail, Curtis refused to take any tests to determine his blood alcohol concentration level.

Curtis was initially charged with one count of driving while under the influence (DUI), I.C. § 18–8004, and one count of driving without privileges, I.C. § 18–8001. He pled not guilty to both charges. The later charge was subsequently dismissed on the state's

motion at trial after the magistrate refused to admit Curtis's driving record from the state of Arizona. At the conclusion of the presentation of evidence, Curtis requested that the court instruct the jury on inattentive driving as a lesser included offense of DUI. The magistrate denied the request, concluding that inattentive driving was not an included offense.

After the jury found Curtis guilty of DUI, the magistrate imposed a six-month jail term and a fine of $1,000. The fine was subsequently suspended, and Curtis was placed on probation for two years. Curtis appealed from the magistrate's judgment and sentence to the district court alleging that the magistrate should have given the instruction on the lesser included offense. The district court vacated the judgment and sentence, holding that the magistrate had committed reversible error in refusing to instruct the jury on the lesser included offense of inattentive driving. The case was remanded for a new trial. The state now appeals from the district court's order.

## II. ISSUES

The state asserts that: (1) the district court erred in concluding that inattentive driving constituted an included offense of the DUI charge; and (2) the district court erroneously held that the magistrate's refusal to give the instruction on the included offense was not harmless.

## III. STANDARD OF REVIEW

■ On an appeal from a decision of a magistrate following an appeal to the district judge sitting as an appellate court, the record is reviewed with due regard for but independently from, the district court's decision. *State v. Kenner,* 121 Idaho 594, 597, 826 P.2d 1306, 1309 (1992); *State v. Donohoe,* 126 Idaho 989, 991, 895 P.2d 590, 592 (Ct. App.1995). Whether a particular crime is a lesser included offense of the crime charged involves a question of law over which the appellate tribunal exercises free review. I.C. § 19–2132(b); *State v. Tribe,* 123 Idaho 721, 726, 852 P.2d 87, 92 (1993); *State v. Croasdale,* 120 Idaho 18, 19, 813 P.2d 357, 358 (Ct.App.1991).

## IV. DISCUSSION

■ The parties maintain that the issue before this Court is whether inattentive driving constitutes a lesser included offense of misdemeanor DUI. We do not believe that it is necessary to directly address the issue. If we assume, for the sake of argument, that inattentive driving is an included offense, the trial court would have been required to give the requested instruction. In this case, the court's error then was harmless because the jury found Curtis guilty of DUI.

■ An error will be regarded as harmless if the appellate court finds beyond a reasonable doubt that the jury would have reached the same result in the absence of the error. *Giles v. State,* 125 Idaho 921, 925, 877 P.2d 365, 369 (1994), *cert. denied,* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). Where the error concerns the omission of an instruction on an included offense, the reviewing court looks to see whether the verdict indicates that the result would not have been different had the omitted instruction been given. *State v. Croasdale,* 120 Idaho 18, 20, 813 P.2d 357, 359 (Ct.App.1991).

If the trial court would have given the lesser included instructions, it would have been required to given an additional instruction reflecting the requirements of I.C. § 19–2132(c). This section provides that:

If a lesser included offense is submitted to the jury for consideration, the court shall instruct the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and has concluded in its deliberations that the defendant is *not guilty of each of the greater offenses.*

(emphasis added). In *State v. Raudebaugh,* 124 Idaho 758, 864 P.2d 596 (1993), our Supreme Court upheld the trial court's instructions that the jury should consider the included offenses only if they had unanimously found the defendant not guilty of the greater offenses. 124 Idaho at 762, 864 P.2d at 600. The instructions were held to be consistent with both the provisions of I.C. § 19–2132(c)

and the Due Process Clause of the United States Constitution. In making this determination, the Court said:

> The statute [I.C. § 19–2132(c) ] requires the trial court to instruct the jury that it may not consider the lesser included offense unless it "has concluded in its deliberations the defendant is not guilty of each of [the greater offenses within which it is included]." This language clearly requires an affirmative conclusion of the jury that the defendant is not guilty of each greater offense before considering a lesser included offense. The jury may reach this conclusion only by unanimity. Otherwise, the conclusion would be a conclusion of some of the jurors, but not of "the jury." Therefore, the acquittal first instructions comply with the language of the statute.

124 Idaho at 762, 864 P.2d at 600. *See also, State v. Townsend,* 124 Idaho 881, 865 P.2d 972 (1993) (upholding the trial court's "acquittal first" instruction as consistent with I.C. § 19–2132(c)).

Here, the district court held that to support a finding of harmless error, it would have to determine beyond a reasonable doubt that the verdict would have been the same even if the trial court had instructed on the requested included offense. The district court explained that it was unable to find the error harmless "because the evidence in this matter in large part turns upon the credibility of the witnesses and not upon objective evidence." We disagree.

The jury's focus was solely on the DUI charge, because that was the only charge submitted for the jury's consideration. However, even if the jury had been instructed on inattentive driving as an included offense, the jury also would have been instructed to begin by focusing on the greater charge, and to consider the lesser included offense only if the jury unanimously found Curtis not guilty of misdemeanor DUI. It must be presumed that the jury would have followed this instruction. *State v. Tolman,* 121 Idaho 899, 905–06 n. 6, 828 P.2d 1304, 1310–11 n. 6

(1992); *State v. Hedger,* 115 Idaho 598, 601, 768 P.2d 1331, 1334 (1989). There is no reason to believe under these circumstances, that the jury would have come to any different conclusion concerning the DUI charge.

We hold that even if the magistrate erred in not providing the instruction for the lesser included offense, the error was harmless in light of the acquittal first instruction required pursuant to I.C. § 19–2132(c).

## V. CONCLUSION

We conclude that even if the district court properly held that the magistrate erred in refusing the requested jury instruction for the lesser included offense of inattentive driving, the error was harmless.

We reverse the district court's order vacating the magistrate's decision, and affirm the magistrate's judgment and the sentence imposed.

PERRY, J., concurs.

LANSING, Judge, dissenting.

I respectfully dissent from the majority's holding that the refusal of a warranted lesser included offense instruction is inherently harmless error.[1] When the pleadings and the evidence would entitle a criminal defendant to an instruction on one or more lesser included offenses, but the court instructs only as to the charged offense, the jury is given only two choices: to convict for the charged crime or to acquit the defendant entirely. When a justified lesser offense instruction is given, the jurors have a third choice—if they find that the greater offense has not been proven by the State, they may still convict on the lesser offense. Until today, it was settled in this jurisdiction that a trial court's erroneous failure to allow the jury this third choice may necessitate that a conviction of the greater offense be vacated. *State v. Tribe,* 123 Idaho 721, 726–27, 852 P.2d 87, 92–93 (1993); *State v. Tomes,* 118 Idaho 952, 956, 801 P.2d 1303, 1307 (Ct.App. 1990).[2] The majority holds, however, that

---

1. I intimate no opinion as to whether inattentive driving was, on the facts of this case, a lesser included offense of the charged offense of driving under the influence.

2. The "acquittal first" provision of I.C. § 19–2132 was enacted in 1988. *See* 1988 Idaho Sess. Laws ch. 327. The trial in *Tribe* occurred before this amendment to Section 19–2132. The *Tomes*

because of the "acquittal first" rule of I.C. § 19–2132(c), when a defendant has been found guilty of the charged offense any error in failing to give a lesser included offense instruction is inevitably harmless.

The majority presumes that juries will invariably adhere to the instructions on the greater offense and will acquit if they entertain a reasonable doubt as to the presence of any element of that offense, even if doing so means freeing a defendant who is plainly guilty of some serious crime. Such reasoning was directly rejected by the United States Supreme Court in *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), where the defendant who was prosecuted for assault with intent to commit serious bodily injury claimed error in the trial court's failure to grant his request for a jury instruction on simple assault. After holding that the petitioner was entitled to the requested instruction, the Court continued:

> True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.

*Id.* at 212–13, 93 S.Ct. at 1997–98. The *Keeble* decision is not constitutionally based and therefore is not mandatory precedent which binds this Court.[3] Nonetheless, it is a statement of the highest court of this nation dismissing the rationale embraced by the majority here—that juries, when not given all of the appropriate alternatives, can be counted upon to acquit a defendant who has been proven to be guilty, but only of a crime which the jury was not allowed to consider.

The Idaho Supreme Court's decision in *State v. Raudebaugh*, 124 Idaho 758, 864 P.2d 596 (1993), does not support the majority's harmless error rationale. In that case, lesser offense instructions were given, but Raudebaugh contended that the acquittal first requirement of I.C. § 19–2132(c) violated due process by making coerced verdicts more likely. Raudebaugh relied upon *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), where the United States Supreme Court held that denying lesser included offense instructions when the defendant was charged with a capital crime violated the Due Process Clause of the United States Constitution because it forced the jury to choose between convicting the defendant of a capital offense or acquitting the defendant completely.[4] The *Beck* Court reasoned that such a circumstance impermissibly enhanced the risk of an unwarranted conviction. *Id.* at 637–38, 100 S.Ct. at 2389–90. The Idaho Supreme Court rejected Raudebaugh's argument that the effect of an acquittal first instruction is the same as if no lesser included offense instruction had been given. The Idaho Supreme Court stated:

> [Raudebaugh's argument] extends *Beck* beyond its meaning. The acquittal first requirement of I.C. § 19–2132(c) does not lead to an unconstitutional probability of an unwarranted conviction as was present in *Beck*, because the requirement does not present the jury with the drastic choice between acquittal and capital murder that was forced upon the jury in *Beck*.
>
> . . . .

case arose *after* legislative adoption of the acquittal first rule, but the *Tomes* court did not discuss the effect of the acquittal first provision.

**3.** The Keeble Court commented, however, that an interpretation of the federal statute at issue in the case to preclude such a lesser included offense instruction "would raise difficult constitutional questions." *Keeble*, 412 U.S. at 213, 93 S.Ct. at 1998.

**4.** The decision in *Beck* was restricted to death penalty cases, with the Court expressly declining to decide whether the Due Process clause would require that lesser included offense instructions be given in a noncapital case. *Beck*, 447 U.S. at 638 n. 14, 100 S.Ct. at 2390 n. 14.

The acquittal first requirement guides the jury as to the order and method of considering the lesser included offenses and does not impermissibly increase the likelihood that the jury will reach an unwarranted verdict. The jury has the opportunity to convict of a lesser included offense, if it first acquits the defendant of each greater offense.

*Raudebaugh,* 124 Idaho at 762–63, 864 P.2d at 600–01. Hence, the Idaho Supreme Court upheld the acquittal first statute precisely because it *does not* "present the jury with the drastic choice" between acquittal and conviction of the greater offense but, rather, allows the jury "the opportunity to convict of a lesser included offense, if it first acquits the defendant of each greater offense." This reasoning of the Idaho Supreme Court intimates that the failure to give the jury the third choice, to convict of a lesser included offense, may indeed lead to an impermissible risk of an unwarranted conviction.

The majority decision leaves Idaho jurisprudence embracing the anomaly that, while a defendant is unquestionably entitled to have the jury instructed on lesser included offenses that are supported by the evidence, I.C. § 19–2132(b); *Tribe, supra,* there will never be a remedy for a denial of that right.