857 P.2d 663

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph DUSHKIN, Defendant–Appellant.**

No. 20282.

Court of Appeals of Idaho.

Aug. 17, 1993.

Gregory A. Jones, Kootenai County Public Defender, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen.; Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Joseph Harland Dushkin appeals from the judgment of conviction and sentence imposed after he pled guilty to a felony charge of infamous crime against nature, I.C. § 18–6605, wherein he received an indeterminate life term with a twenty-year minimum period of confinement. Dushkin also appeals from the district court's denial of his motion, pursuant to I.C.R. 35, for a reduction of his sentence. We affirm.

In the early morning hours of April 14, 1992, Dushkin attacked the victim as she jogged in a public park. He threw her downhill off the path, held her arms and removed her pants. Dushkin choked the victim until she partially blacked out and proceeded to sodomize her. After threatening the victim with a hand weight she had been carrying, Dushkin fled the scene. The victim was able to obtain help at a neighboring home and went to the hospital emergency room for treatment.

Upon Dushkin's arrest, he was charged with infamous crime against nature and battery with the intent to commit a serious felony. After waiving his right to a preliminary hearing, Dushkin entered a plea of guilty to the charge of infamous crime against nature and the state dismissed the battery charge.

At a sentencing hearing, wherein the court discussed with Dushkin the presentence report and the psychological evaluation, Dushkin was sentenced to an indeterminate life term with twenty years' minimum confinement. Upon timely filing a Rule 35 motion for reconsideration of that sentence, Dushkin provided additional documents to the district court. After a hearing, the district court entered an order denying the motion. Dushkin appealed.

## SENTENCE IMPOSED

Dushkin must establish that the district court clearly abused its discretion when imposing the sentence with a minimum period of confinement of twenty years for infamous crime against nature, in order to prevail on appeal. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). A term of confinement is reasonable if it appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

At the time of sentencing, Dushkin was twenty-seven years of age. The presentence report contained a ten-year history of violent and serious offenses in the state of Alaska. Dushkin had convictions for robbery, assault and weapons offenses. He had not finished any probationary supervision period without violation and revocation. He admitted to the presentence evaluator other uncharged incidents, including stabbing another individual with a twelve-inch butcher knife. He had been in Idaho for a short time before committing the offense in the present case.

The psychological evaluation indicated Dushkin had an antisocial personality compounded by severe alcohol abuse. The evaluator felt that Dushkin was a poor candidate for improvement from rehabilitation. Dushkin related his own perception that he has a Jekyll/Hyde personality caused by alcohol abuse, and admitted to unexplainable fits of anger.

The district court also considered Dushkin's childhood. Dushkin described a terrible home life that included sexual abuse, alcohol abuse and dysfunction. His mother left him in the custody of his father at the age of three or four. By the age of nine, Dushkin was in a foster home and by age twelve, a boys' home.

The victim in this case was a young, outgoing wife and mother. She suffered physical, emotional and psychological injury as a result of Dushkin's behavior. She will continue to require treatment for this brutal attack.

The district court articulated its consideration of alcohol treatment and rehabilitation. The court noted Dushkin had several opportunities for treatment with varied participation and success on his part. Dushkin argues that the court placed greater emphasis upon the sentencing factors of protection of society and retribution through incarceration, rather than rehabilitation. A sentence need not serve all the sentencing goals or weigh each one equally. Indeed, the goals of retribution and deterrence "by themselves, are sufficient to justify the sentence." *State v. Waddell,* 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct.App.1991). The court below did not abuse its discretion. The sentence imposed by the court was reasonable under the circumstances considered in this case. Accordingly, the judgment of conviction and sentence are affirmed.

## I.C.R. 35 MOTION

A motion to reduce an otherwise lawful sentence under Rule 35 is addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). It is essentially a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of such a motion will not be disturbed, absent a showing that the court abused its discretion. If the sentence was not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with the Rule 35 motion. *State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). If he fails to make this showing, we cannot say that the denial of the motion represents an abuse of discretion. *Id.*

Dushkin's sentence was not excessive at the time it was pronounced. In support of his Rule 35 motion, Dushkin provided a letter he wrote and a report from a corrections officer. The district court reviewed those documents and discussed them with counsel at the hearing. Still, the district court remained unpersuaded that the sentence imposed was too harsh. We agree.

Based on the foregoing, we affirm the district court's order denying Dushkin's Rule 35 motion to reduce his sentence.

WALTERS, C.J., and LANSING, J., concur.