50 P.3d 1055

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Heath Cary RANSOM, Defendant–Appellant.**

**No. 27173.**

Court of Appeals of Idaho.

June 25, 2002.

Molly J. Huskey, Interim State Appellate Public Defender; Rolf M. Kehne, Deputy Appellate Public Defender, Boise, for appellant. Rolf M. Kehne argued.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

HART, Judge Pro Tem.

Heath Cary Ransom appeals from his judgment of conviction and sentence for voluntary manslaughter, I.C. § 18–4006(1). Ransom raises as issues whether: (1) the district court abused its discretion when it excluded expert testimony regarding the effects of intoxication on the human body; (2) I.C. § 18–116, which precludes consideration of voluntary intoxicated condition in determining criminal intent, is unconstitutional; (3) the district court erred in refusing to give an involuntary manslaughter instruction; and (4) the district court abused its discretion when it imposed a sentence of fifteen years fixed. We affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Ransom and Steven Warren were roommates in November 1999. On Thanksgiving day in the early morning, Ransom beat Warren to death in Warren's bedroom.

Prior to the beating, Ransom was drinking beer next door to his home with a friend and two acquaintances. The witnesses heard Ransom vent his anger toward Warren on several occasions during the evening and early morning hours. One witness heard Ransom state that he wanted to kill Warren. Ransom left the gathering. He returned later and stated to the same witnesses that he had killed Warren. They went next door and discovered Warren's dead body.

The state charged Ransom with first degree murder. During the trial, the district court excluded Ransom's expert testimony regarding the effect of alcohol generally upon the human body, which Ransom proposed to apply to Ransom's mental state and ability of the witnesses to recall the events of the evening. In excluding the testimony, the district court determined that I.C. § 18–116 precludes the consideration by the jury of evidence of voluntary intoxication.

The jury was instructed on the offense of first degree murder, as well as the lesser-included offenses of second degree murder and voluntary manslaughter. Ransom requested a jury instruction on involuntary manslaughter, but the district court denied the request. The jury found Ransom guilty of voluntary manslaughter. The district court imposed the maximum sentence.

## II.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN EXCLUDING THE EXPERT TESTIMONY

Expert testimony is admissible only if it will assist the jury in understanding the evidence or to help determine a fact at issue. I.R.E. 702; *State v. Walters*, 120 Idaho 46, 55, 813 P.2d 857, 866 (1990); *State v. Dragoman*, 130 Idaho 537, 542, 944 P.2d 134, 139 (Ct.App.1997). The admission of expert testimony is within a district court's discretion. *State v. Trevino*, 132 Idaho 888, 895, 980 P.2d 552, 559–60 (1999); *Dragoman*, 130 Idaho at 542, 944 P.2d at 139. When a district court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the boundaries of such discretion and consistently with any legal standards

applicable to the specific choices before it; and (3) whether the district court reached its decision by an exercise of reason. *State v. Grube,* 126 Idaho 377, 381, 883 P.2d 1069, 1073 (1994); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Dragoman,* 130 Idaho at 543, 944 P.2d at 140.

■ Ransom argues that the district court failed to act within the boundaries of its discretion and failed to exercise reason due to the following: the district court failed to recognize the relevance of the expert testimony regarding the effects of alcohol in determining the credibility of witnesses, rather than just Ransom's mental state and the district court concluded that the effects of alcohol are within the jury's range of common experience. We disagree.

The district court explicitly stated two reasons for excluding the expert testimony. One reason was that the district court determined that I.C. § 18–116 generally precludes consideration of voluntary intoxication in determining the existence of a mental state.[1] The other reason was that the district court determined there was already ample evidence in the record regarding the effects of alcohol, and such information was within the jury's common range of experience. The district court determined that Ransom's proposed expert testimony would only provide additional general information regarding the effects of intoxication.

In *Dragoman,* this Court held that a district court abused its discretion in limiting expert testimony regarding the effects of alcohol on a defendant accused of two counts of kidnapping in the second degree. *Dragoman,* 130 Idaho at 542–543, 944 P.2d at 139–140. The district court allowed the expert to testify regarding the effects of alcohol generally, but not whether intoxication could have prevented the defendant from forming the necessary intent for the offenses. This Court held that the defendant was entitled to present expert testimony which would assist the jury in determining the defendant's mental state at the time of the offenses. *Dragoman,* 130 Idaho at 543, 944 P.2d at 140.

We note that the holding in *Dragoman* relied on I.C. § 18–116 prior to the effectiveness of its 1997 amendment. *Dragoman,* 130 Idaho at 543 n. 4, 944 P.2d at 140 n. 4. Idaho Code § 18–116, as amended in 1997, explicitly forbids the consideration of voluntary intoxication in determining a mental state. The 1997 amendment is a valid substantive redefinition of the requisite mental state for criminal offenses in Idaho by the legislature. Thus, the effect of Ransom's voluntary intoxication was not an issue which the jury could evaluate during the trial. *See* I.R.E. 702. Consequently, the district court did not abuse its discretion in determining, under the plain language of I.C. § 18–116, that Ransom was not entitled to expert testimony to show the effect of alcohol on Ransom's mental state at the time of the offense. Accordingly, we conclude that the district court did not err in the exclusion of the expert testimony proffered by Ransom.

## III.

## IDAHO CODE SECTION 18–116 DOES NOT VIOLATE DUE PROCESS

■ Whether a statute is constitutional is a question of law. *State v. Larsen,* 135 Idaho 754, 756, 24 P.3d 702, 704 (2001). Thus, this court exercises de novo review. *Id.* There is a strong presumption of validity of a statute, and an appellate court is obligated to seek an interpretation which upholds its constitutionality. *State v. Prather,* 135 Idaho 770, 772, 25 P.3d 83, 85 (2001); *State v. Cobb,* 132 Idaho 195, 197, 969 P.2d 244, 246 (1998).

■ Ransom argues that I.C. § 18–116 is unconstitutional for the following reasons: (1) it constitutes an encroachment on the judiciary's procedural rulemaking power under the Idaho Constitution; (2) it violates the

---

1. Idaho Code § 18–116 states: "**Intoxication no excuse for crime.** A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected or otherwise ingested the substance causing the condition."

United States Constitution and the Idaho Constitution by denying a defendant's fundamental right to present a defense; and (3) it violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Idaho Constitution by lessening the burden of proof to sustain a conviction for voluntary manslaughter. However, Ransom's challenges to the constitutionality of I.C. § 18–116 regarding its potential encroachment on the judiciary branch's rulemaking power and its abrogation of the right to present a defense were not raised before the district court. Generally, issues not raised in the district court will not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App.1997).

■ Finally, although Ransom did argue before the district court that I.C. § 18–116 violated procedural and substantive due process, he did not raise any theories or arguments specifically with respect to the Idaho Constitution or why its due process protection should be interpreted differently from that of the United States Constitution. Thus, we do not consider Ransom's arguments regarding the constitutionality of I.C. § 18–116 under the Idaho Constitution to be raised on appeal. Accordingly, we will also not address those arguments. *State v. Wheaton*, 121 Idaho 404, 407, 825 P.2d 501, 504 (1992).

■ In *Montana v. Egelhoff*, the United States Supreme Court upheld the constitutionality of a Montana statute identical to I.C. § 18–116 under a Fourteenth Amendment due process analysis. *Montana v. Egelhoff*, 518 U.S. 37, 56, 116 S.Ct. 2013, 2024, 135 L.Ed.2d 361, 376 (1996) (J. Scalia, plurality opinion). Although Ransom argues that this Court should adopt the rationale of Justice O'Connor's dissent in *Egelhoff*, we conclude that the strong presumption of validity of the statute, the duty of this Court to interpret the statute as constitutional if possible, as well as the ultimate upholding of an identical statute as constitutional in *Egelhoff*, mandate that we determine I.C. § 18–116 to not violate the due process clause of the

Fourteenth Amendment of the United States Constitution.

■ As Ransom has not provided any authority or argument regarding a separate Fifth Amendment due process analysis, we conclude that Ransom waives the issue of Idaho Code § 18–116's violation of Fifth Amendment due process. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996); I.A.R. 35.

## IV.

## THE INVOLUNTARY MANSLAUGHTER INSTRUCTION SHOULD HAVE BEEN GIVEN, BUT IT WAS HARMLESS ERROR

■ The question whether the jury has been properly instructed is a question of law over which we exercise free review. *Zichko*, 129 Idaho at 264, 923 P.2d at 971; *State v. Canelo*, 129 Idaho 386, 391, 924 P.2d 1230, 1235 (Ct.App.1996). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately represent applicable law. *Zichko*, 129 Idaho at 264, 923 P.2d at 971; *Canelo*, 129 Idaho at 391, 924 P.2d at 1235. Requested jury instructions should not be given if they lack support in the facts of the case or are erroneous statements of the law. *Canelo*, 129 Idaho at 391, 924 P.2d at 1235.

■ The district court is required to instruct a jury on a lesser included offense if the following occur: (1) either party requests the instruction; and (2) there is a reasonable view of the evidence that would support a finding that the defendant committed the lesser-included offense but did not commit the greater offense. I.C. § 19–2132(b). Involuntary manslaughter is a lesser-included offense of first degree murder and voluntary manslaughter. *State v. Grube*, 126 Idaho 377, 381, 883 P.2d 1069, 1073 (1994); *State v. Atwood*, 105 Idaho 315, 318–19, 669 P.2d 204, 207–08 (Ct.App.1983). Upon a request to include a lesser-included offense in jury instructions, the district court must review all of the evidence to determine if a reasonable view of the evidence supports the requested

instruction. *Grube*, 126 Idaho at 380–81, 883 P.2d at 1072–73. If the evidence warrants it, the district court has a duty to instruct the jury upon a lesser-included offense. *State v. Arrasmith*, 132 Idaho 33, 44, 966 P.2d 33, 44 (Ct.App.1998); *State v. Drennon*, 126 Idaho 346, 352, 883 P.2d 704, 710 (Ct.App.1994).

 Manslaughter is "the unlawful killing of a human being, without malice." I.C. § 18–4006. Voluntary manslaughter, the offense for which Ransom was found guilty, is committed "upon a sudden quarrel or heat of passion." I.C. § 18–4006(1). Involuntary manslaughter is committed "in the perpetration of or attempt to perpetrate any unlawful act...." I.C. § 18–4006(2). The key distinction between voluntary manslaughter and involuntary manslaughter is that voluntary manslaughter requires an intent to kill, while involuntary manslaughter does not. *Atwood*, 105 Idaho at 319, 669 P.2d at 208. Thus, by finding Ransom guilty of voluntary manslaughter, the jury determined that he had the intent to kill Warren.

 The intentional use of deadly force against Warren does not necessarily mean Ransom intended to kill Warren. *See Atwood*, 105 Idaho at 319, 669 P.2d at 208. We conclude that a reasonable view of the evidence could support that Ransom did not intend to kill Warren, but rather only harm him. Thus, depending on the weight and credibility the jury would have given the testimony of Ransom and the witnesses at the trial, the jury could have found that Ransom only intended to harm Warren. Whether Ransom had that intent was a question for the jury to determine. *Atwood*, 105 Idaho at 319, 669 P.2d at 208. Thus, we conclude the district court erred in failing to give the instruction on involuntary manslaughter when a reasonable view of the evidence could support such an instruction. However, the district court's failure to give the involuntary manslaughter instruction was harmless error.

 An error is considered harmless if it is without a reasonable doubt that the jury would have reached the same result despite the error. *State v. Trejo*, 132 Idaho 872, 879, 979 P.2d 1230, 1237 (Ct.App.1999); *State v. Miller*, 131 Idaho 288, 293, 955 P.2d 603, 608 (Ct.App.1997); *State v. Curtis*, 130

Idaho 525, 527, 944 P.2d 122, 124 (Ct.App. 1996); *State v. Hudson*, 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996); *see* I.C.R. 52. Specifically regarding jury instructions, when the error concerns the omission of an instruction, the Court determines whether the verdict indicates that the result would have been the same if the instruction had been given. *Miller*, 131 Idaho at 293, 955 P.2d at 608; *Curtis*, 130 Idaho at 527, 944 P.2d at 124; *Hudson*, 129 Idaho at 480, 927 P.2d at 453.

 The district court instructed the jury on first degree murder, second degree murder and voluntary manslaughter. As required by I.C. § 19–2132(c), the district court also instructed the jury not to consider any lesser-included offenses unless it determined that Ransom was not guilty of the greater offenses. This Court must presume that the jury followed the jury instructions. *Trejo*, 132 Idaho at 879, 979 P.2d at 1237; *Curtis*, 130 Idaho at 528, 944 P.2d at 125.

 The jury convicted Ransom of voluntary manslaughter. Voluntary manslaughter is a greater offense than involuntary manslaughter. *See Grube*, 126 Idaho at 381, 883 P.2d at 1073; *Atwood*, 105 Idaho at 318, 669 P.2d at 207. By finding Ransom guilty of voluntary manslaughter, the jury necessarily found that he had the intent to kill Warren. As the jury was required to follow its instructions, it never would have considered the involuntary manslaughter instruction, even if it had been given. Thus, in application of I.C. § 19–2132(c) under what has become known as the "acquittal first" doctrine, the district court's failure to include the involuntary manslaughter instruction was harmless error. *State v. Whipple*, 134 Idaho 498, 505, 5 P.3d 478, 485 (Ct.App.2000); *Trejo*, 132 Idaho at 879, 979 P.2d at 1237; *Miller*, 131 Idaho at 293–94, 955 P.2d at 608–09; *Curtis*, 130 Idaho at 528, 944 P.2d at 125; *Hudson*, 129 Idaho at 481, 927 P.2d at 454.

## V.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING A SENTENCE OF FIFTEEN YEARS FIXED

 An appellate review of a sentence is based on an abuse of discretion standard.

*State v. Burdett,* 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Additionally, if an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App. 1982).

 The following are the four objectives of sentencing: (1) the protection of society; (2) the deterrence of crime both generally and specifically; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993). A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin,* 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct.App.1993). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel,* 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson,* 124 Idaho 179, 857 P.2d 658 (Ct. App.1993). We conclude that the trial court did not abuse its discretion in issuing a sentence of fifteen years fixed.

Ransom argues that the district court failed to give sufficient weight to the particular mitigating facts in imposing its sentence, specifically Ransom's mental health, alcoholism, remorse and that he was abused as a child. We disagree. The trial court reviewed such facts and followed the recommendation of the presentence investigator by imposing an extensive period of penal incarceration. Additionally, the presentence investigator did not recommend treatment for Ransom, expressed concern over Ransom's behavior towards others during incarceration, and was particularly concerned about the protection of society from Ransom.

The district court considered the seriousness of the offense, Ransom's history of violent behavior, Ransom's failed attempts at rehabilitation, and the risks posed by Ransom in a custodial situation, and determined that a sentence of fifteen years fixed was appropriate for the protection of society. The record indicates that the district court was well aware of Ransom's alcohol abuse issues and Ransom's failed attempts at treatment throughout his life. Therefore, in light of the nature of the offense and the district court's concern for the protection of society after reviewing the potentially mitigating factors, we conclude that the district court did not abuse its discretion by imposing a sentence of fifteen years fixed.

## VI.

## CONCLUSION

Accordingly, we conclude that the district court properly excluded the expert testimony regarding the effects of alcohol and that I.C. § 18–116 does not violate federal due process protection. Also, we conclude that the district court should have given a jury instruction regarding involuntary manslaughter, but that the failure to do so was harmless error. Finally, we conclude that the district court did not abuse its discretion in imposing a sentence of fifteen years fixed. Thus, Ransom's judgment of conviction and sentence are affirmed.

Chief Judge PERRY and Judge GUTIERREZ, concur.