128 P.3d 908

**STATE of Idaho, Plaintiff–Appellant–Cross Respondent,**

v.

**Michael S. PORTER, Defendant–Respondent–Cross Appellant.**

No. 31651.

Supreme Court of Idaho.
Coeur d'Alene, October 2005.

Nov. 30, 2005.

Rehearing Denied Feb. 3, 2006.

**372**

Attorney General, Lawrence G. Wasden, Boise, for appellant. Kenneth K. Jorgensen argued.

Kootenai County Public Defender, John M. Adams, Coeur d'Alene, for respondent.

SCHROEDER, Chief Justice.

This Court granted Porter's Petition for Review of the Idaho Court of Appeals' decision, which held that the intent to kill one's victim is not a necessary element of second degree murder or voluntary manslaughter and remanded with instructions to reinstate the second degree murder charge against Porter. Porter argues intent to kill is required for a charge of second degree murder and voluntary manslaughter and that the charge against Porter should be reduced from second degree murder to involuntary manslaughter.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Michael S. Porter met D.J. Flett during an evening of drinking in a bar. A conflict erupted between Porter and Flett outside the bar at approximately 2:00 a.m. Porter punched Flett, who fell. Porter hit him two or three more times in the face as Flett lay on the ground. Flett suffered extensive injuries to his face and head, including brain damage likely caused by his head hitting the pavement after he was knocked unconscious. He died from the injuries.

The State conceded at preliminary hearing that the evidence did not support a finding of intent to kill, but argued that the evidence did show malice aforethought which supported the charge of second degree murder. The magistrate judge held that the State had met its burden to show malice aforethought although there was insufficient evidence to show intent to kill. The magistrate judge bound Porter over for trial on the second degree murder. Porter moved to dismiss the charge in district court or, in the alternative, that the charge be reduced from second degree murder to involuntary manslaughter. The district court reduced the charge to voluntary manslaughter, concluding that the intent to kill was an essential element for second degree murder but not for voluntary manslaughter.

Both parties appealed. The Court of Appeals ruled that neither second degree murder nor voluntary manslaughter requires the defendant possess the intent to kill the victim. The Court of Appeals reversed the district court's order reducing the charge and remanded with instructions to reinstate the second degree murder charge. Porter petitioned this Court for review.

## II.

### STANDARD OF REVIEW

"If from the evidence the magistrate determines that a public offense has been committed and that there is probable or sufficient cause to believe that the defendant committed such offense, the magistrate shall forthwith hold the defendant to answer in the district court." I.C.R. 5.1(b). "The finding of probable cause shall be based upon substantial evidence upon every material element of the offense charged...." *Id.* "A defendant once held to answer to a criminal charge ... may challenge the sufficiency of evidence educed at the preliminary examination by a motion to dismiss.... Such motion to dismiss shall be heard by a district judge." I.C. § 19–815A.

When considering a case on review from the Idaho Court of Appeals, this Court gives serious consideration to the Idaho Court of Appeals' decision pursuant to *Leavitt v. Swain*, 133 Idaho 624, 627, 991 P.2d 349, 352 (1999), but exercises free review over matters of law. *Iron Eagle Dev., LLC v. Quality Design Systems, Inc.*, 138 Idaho 487, 491, 65 P.3d 509, 513 (2003).

## III.

### MALICE MAY CONSTITUTE THE NECESSARY MENTAL ELEMENT FOR MURDER ALTHOUGH A DELIBERATE INTENT TO KILL IS NOT PROVED

Porter contends that the intent to kill is an element of second degree murder, and therefore, a charge of second degree murder is inappropriate since there was insufficient evidence to show Porter had the intent to kill Flett. The State argues that the intent to kill is not a necessary element of second degree murder and the charge against Porter should stand. Murder is defined in Idaho as follows:

*Murder is the unlawful killing of a human being* including, but not limited to, a human embryo or fetus, *with malice aforethought* or the intentional application of torture to a human being, which results in the death of a human being. Torture is the intentional infliction of extreme and prolonged pain with the intent to cause suffering. It shall also be torture to inflict on a human being extreme and prolonged acts of brutality irrespective of proof of intent to cause suffering. The death of a human being caused by such torture is murder irrespective of proof of specific intent to kill; torture causing death shall be deemed the equivalent of intent to kill.

I.C. § 18–4001 (emphasis added). Porter contends that the legislature's inclusion of language that murder by torture does not require a specific intent to kill indicates that the legislature intended a finding of specific intent to kill when a murder occurs with malice aforethought. Idaho Code § 18–4002 defines malice:

Such malice may be express *or* implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. *It is implied when* no considerable provocation appears, or when *the circumstances attending the killing show an abandoned and malignant heart.*

(Emphasis added).

Porter relies on several cases from this Court and the Court of Appeals that have statements that intent to kill is an element of murder in the second degree. *Yon v. State*, 124 Idaho 821, 824–25, 864 P.2d 659, 662–63 (Ct.App.1993); *Safeco Ins. Co. of America v. Yon*, 118 Idaho 367, 369, 796 P.2d 1040, 1042 (Ct.App.1990); *State v. Atwood*, 105 Idaho 315, 318, 669 P.2d 204, 207 (Ct.App.1983); *State v. Birrueta*, 98 Idaho 631, 633, 570 P.2d 868, 870 (1977); and *State v. Van Vlack*, 57 Idaho 316, 364, 65 P.2d 736, 758 (1937) ("[T]he jury could not find [the defendant] guilty of either second degree murder or voluntary manslaughter unless the jury was able to find that there was an intent to kill.").

When analyzing this Court's statement in *Birrueta* that intent to kill is a necessary element of second degree murder this Court cited to *Van Vlack*, which states on the pages referenced that, "Intent to take life *or* the mental state of having an abandoned and malignant heart ... is the essential ingredient of murder in the second degree." *Van*

374

*Vlack,* 57 Idaho at 364, 65 P.2d at 758 (*overruled on other grounds by State v. White,* 93 Idaho 153, 159, 456 P.2d 797, 803 (1969) (emphasis added)). In *State v. Aragon,* 107 Idaho 358, 690 P.2d 293 (1984), this Court held that the instructions given in the district court properly defined malice and did not blur the distinction between first and second degree murder. The instructions provided in part:

As set forth in the preceding instructions on murder, any unlawful killing of a human being with malice aforethought is murder. If nothing further characterizes the killing, the murder is of the second degree. To constitute the higher offense of murder in the first degree, there must be wilfulness, deliberation and premeditation in addition to malice aforethought.

Wilfulness means that there was manifested a clear intent to take life.

Deliberation and premeditation means done with reflection and conceived beforehand and not done upon a sudden heat of passion or other condition precluding the idea of deliberation.

*Aragon,* 107 Idaho at 362, 690 P.2d at 297. The Court held that malice was properly distinguished from "intent to take life, premeditation, conceived beforehand, and deliberation, done with reflection" and the instructions properly set forth "the additional elements necessary to prove first degree murder, and thus there was no error." *Id.* at 363, 690 P.2d at 298.

Similarly, *State v. Dunlap,* 125 Idaho 530, 873 P.2d 784 (1993), indicates that implied malice satisfies the mental state element of murder and is a variety of malice separate from the deliberate intent to kill. Dunlap had been convicted of first degree murder and sentenced to death, with specific intent to kill being the aggravating factor for imposing the death penalty. He argued on appeal that specific intent to kill as the aggravating factor must mean something more, such as "heightened premeditation," otherwise the "intent to cause the death" language of the aggravator would be redundant to the necessary elements of murder. This Court set forth the following discussion when rejecting Dunlap's argument:

[T]his argument ignores the definition of malice.

Under I.C. § 18–4002, malice is express when there is manifested a deliberate intention to unlawfully take away a life, or implied, when the circumstances attending the killing show an abandoned and malignant heart. *Under this interpretation, an abandoned and malignant heart killing is murder although there is no premeditated intent to kill.* If the abandoned and malignant heart murder also involves the enumerated circumstances in I.C. § 18–4003(b), (c), (d), (e) or (f), such as the person murdered is a peace officer, § 18–4003(b), or the person who committed the murder was under a sentence for murder, § 18–4003(c), then that murder is classified as first degree murder under I.C. § 18–4003. *See State v. Pratt (James),* 125 Idaho 546, 873 P.2d 800 (1993); *State v. Lankford,* 116 Idaho 860, 781 P.2d 197 (1989). *See also Arave v. Creech,* 507 U.S. 463, 113 S.Ct. 1534, 123 L.Ed.2d 188. However, unless the State can show the additional element of specific intent to kill, i.e. a premeditated intent to kill, the circumstances of an abandoned and malignant heart murder will not satisfy I.C. § 19–2515(g)(7) and allow a judge to impose the death penalty. The specific intent to kill requirement of I.C. § 19–2515(g)(7) merely requires that the State prove that the first degree murder occurred with express malice. Nothing in the statutory scheme or the language of the statute indicates that a higher standard was intended by the legislature. Nor do any of our prior cases in which I.C. § 19–2515(g)(7) was applied suggest that the malice aforethought requirement for murder is duplicated by the (g)(7) factor. Accordingly, the district court applied the correct standard in finding specific intent to kill in this case.

*Dunlap,* 125 Idaho at 534, 873 P.2d at 788 (emphasis added). This Court's language indicates that the deliberate intent to kill is not a necessary element of murder since an abandoned and malignant heart satisfies the mental element for killing that constitutes murder. The elements of express and implied malice that will support a charge of

murder are set forth in Idaho Criminal Jury Instruction No. 703:

> Malice may be express or implied.
>
> Malice is express when there is manifested a deliberate intention unlawfully to kill a human being.
>
> Malice is implied when:
>
> 1. The killing resulted from an intentional act,
> 2. The natural consequences of the act are dangerous to human life, and
> 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.
>
> When it is shown that a killing resulted from the intentional doing of an act with express or implied malice, no other mental state need be shown to establish the mental state of malice aforethought. The mental state constituting malice aforethought does not necessarily require any ill will or hatred of the person killed.
>
> The word "aforethought" does not imply deliberation or the lapse of time. It only means that the malice must precede rather than follow the act.

### IV.

### AN INTENT TO KILL IS NOT NECESSARY TO ESTABLISH VOLUNTARY MANSLAUGHTER

■ The district court will likely be asked to instruct the jury on the lesser offense of voluntary manslaughter if Porter goes to trial on remand. Idaho Code § 18–4006 defines voluntary manslaughter as follows: "Manslaughter is the unlawful killing of a human being including, but not limited to, a human embryo or fetus, without malice. It is of three (3) kinds: 1. Voluntary—upon a sudden quarrel or heat of passion. 2. Involuntary—in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery, kidnapping, burglary, or mayhem; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; or in the operation of any firearm or deadly weapon in a reckless, careless or negligent manner which produces death. 3. Vehicular—in which the operation of a motor vehicle is a significant cause contributing to the death...."

Porter contends that involuntary manslaughter is the appropriate charge in this case because, as with murder, intent to kill is an essential element of voluntary manslaughter. He relies on *State v. Ransom*, 137 Idaho 560, 50 P.3d 1055 (Ct.App.2002), in which the Idaho Court of Appeals stated, "The key distinction between voluntary manslaughter and involuntary manslaughter is that voluntary manslaughter requires an intent to kill, while involuntary manslaughter does not. *Atwood*, 105 Idaho at 319, 669 P.2d at 208." *Ransom*, 137 Idaho at 566, 50 P.3d at 1061. Porter also notes that the *Ransom* court cited *State v. Atwood*, 105 Idaho 315, 318, 669 P.2d 204, 207 (Ct.App. 1983), for the following elements of voluntary manslaughter: "(a) an unlawful killing, with (b) the intent to kill, but without malice." The Court of Appeals' decision in this case rejects the prior case law stating that voluntary manslaughter requires an intent to kill. The Court of Appeals' analysis is correct. To the extent that prior cases state that the intent to kill is a necessary element of voluntary manslaughter, those cases are disavowed. The elements of voluntary manslaughter are set forth in Idaho Criminal Jury Instruction No. 708:

> In order for the defendant to be guilty of Voluntary Manslaughter, the state must prove each of the following:
>
> 1. On or about [date]
> 2. in the state of Idaho
> 3. the defendant [name] engaged in conduct which caused the death of [name of decedent], and
> 4. the defendant acted unlawfully upon a sudden quarrel or heat of passion and without malice aforethought in causing such death.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty of voluntary manslaughter.

## V.

## CONCLUSION

The decision of the district court is vacated and the case is remanded for proceedings under the charge of second degree murder.

Justices TROUT, EISMANN, BURDICK and JONES concur.