# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46937

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>TORY JONATHON MARSHALL,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Filed: September 3, 2020<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment of conviction and consecutive, unified sentence of ten years with three years determinate for aiding and abetting burglary and sentence of five years indeterminate for aiding and abetting grand theft, affirmed; case remanded for rulings on Presentence Investigation Report

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Tory Jonathon Marshall appeals from the district court's judgment of conviction and argues that (1) the district court abused its discretion by failing to redline erroneous information in the Presentence Investigation Report (PSI) and (2) the district court abused its discretion by imposing excessive sentences. For the reasons set forth below, we affirm the court's sentences but remand the case to the district court to ensure any changes that the court made to the PSI are reflected in the PSI subject to disclosure under Idaho Criminal Rule 32(h).

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

As an inmate at the Canyon County Detention Center, Marshall was charged with two counts of burglary and two counts of grand theft after an investigation determined that he had filled

1

out property release forms authorizing an accomplice to pick up property at the jail belonging to other inmates. A jury found Marshall guilty of one count of aiding and abetting burglary, and one count of aiding and abetting grand theft.

During the subsequent sentencing hearing, defense counsel was asked by the district court whether there were any corrections to the PSI. Defense counsel responded that the PSI listed four victims in the case, when there was in fact only one. The district court responded in the affirmative, but the record on appeal contains no redlining of that information. The district court imposed a unified sentence of ten years with three years determinate for aiding and abetting burglary, and a consecutive sentence of five years indeterminate for aiding and abetting grand theft, and retained jurisdiction. Marshall timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.     Corrections to PSI

Marshall argues that the district court abused its discretion by neglecting to redline the requested portion of the PSI. When considering a PSI, a court may take information into account which would otherwise be inadmissible at trial, as long as the court believes it to be reliable and the defendant has an opportunity to present favorable evidence and to explain or rebut the adverse information. *State v. Carey*, 152 Idaho 720, 721, 274 P.3d 21, 22 (Ct. App. 2012). Where a court finds that there is no reasonable basis to deem information reliable, it must disregard the information. *Id.* Moreover, if the district court makes such a finding, it must also redline from the PSI the information deemed unreliable to prevent future prejudice to the defendant and present a clear record on appeal. *State v. Molen*, 148 Idaho 950, 961, 231 P.3d 1047, 1058 (Ct. App. 2010).

In the present case, the record suggests that the district court made an effort to remove unreliable information in the PSI. At the sentencing hearing, the court stated that it had reviewed

2

the PSI and asked whether any corrections needed to be made. In response, defense counsel stated that the PSI incorrectly listed additional victims, to which the court responded "[a]ll right," and asked if there were any other corrections. Despite this acknowledgement, the PSI in the record does not include any changes or corrections.

The State argues that the district court had no duty to redline the challenged portion of the PSI because Marshall did not request that the court do so, the court made no adverse ruling, and none of the challenged information was actually unreliable. As to whether Marshall made a request, we decline to impose an obligation on a defendant to make a formal motion under circumstances where, as here, the court directly invites a party to identify needed additions or corrections. Moreover, since the PSI in the record does not include any of the changes requested by Marshall and seemingly accepted by the district court, this Court cannot determine the district court's ruling on this matter, adverse or otherwise. In addition, lacking a complete record, this Court cannot determine the district court's actual finding on the reliability of the challenged information and will not consider it in the first instance.

Because the PSI in the appellate record does not include any changes the district court suggested it was making in response to Marshall's request, we cannot determine whether the court complied with *Molen* in crossing out or redlining unreliable or erroneous information. As PSIs are electronically filed before sentencing, it is likely that the PSI contained in the record is not the version of the PSI containing the court's changes, additions, or redlining made at sentencing. Because a corrected PSI is not in the appellate record in this case, we remand to the district court to ensure that the court's corrections are included on Marshall's PSI and that the corrected PSI is the one distributed pursuant to Idaho Criminal Rule 32(h).

**B.      Excessive Sentence**

Marshall argues that his underlying consecutive sentences consisting of a unified term of ten years with three years determinate and five years indeterminate are excessive because they are not necessary to achieve the goals of sentencing. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence

3

of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Marshall identifies several mitigating factors, including a difficult childhood, mental health problems, support from his employer, and a commitment to improving his life. The record indicates that the district court took these factors into consideration when considering Marshall's sentence. However, the district court also considered Marshall's history of theft and property-based crimes, his failures to comply with rules of probation and parole, and the vulnerability of the victims in this case. Taking these factors into consideration, the district court declined to follow the sentence recommendation from both the State and PSI investigator and elected to retain jurisdiction in order to preserve an opportunity for Marshall to be placed on probation, and included greater potential consequences should he fail. A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 185, 186, 857 P.2d 663, 665 (Ct. App. 1993). The district court need not elevate mitigating factors over other sentencing goals or factors such as a defendant's criminal history. Accordingly, we hold the district court did not abuse its discretion in sentencing Marshall.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it sentenced Marshall. However, as the record on appeal does not contain the district court's rulings on Marshall's requested corrections to the PSI, we remand this case to the district court to ensure any changes it made to the PSI are reflected on the PSI which is subject to disclosure under I.C.R. 32(h).

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

4